LAND, Justice
 

 (dissenting).
 

 The State, through its Collector of Revenue, has brought the present proceeding against the J. W. Jeffries Lumber Company, under Act 14 of the Second Extra Session of 1935, to recover a severance tax of $931.26, with interest from judicial demand until paid, and penalties and attorney’s fees.
 

 The demand of the State was rejected in the District Court, and from this judgment the State has appealed.
 

 (1) The only question presented in this appeal is the question of the liability of a purchaser of natural resources for the collection and payment to the State of the tax due thereon.
 

 The trial Judge held that although defendant purchased more than 11,000,000 feet of timber from logging contractors, or “in the open market,” the defendant was not liable for the severance tax on the timber.
 

 
 *761
 
 The District Judge in effect holds that the' liability of the purchaser for severance taxes under Section 9 of Act 24 of the Second Extra Session of 1935, occurs, only when the purchaser is the one who buys from the owner at the time of severance.
 

 Under Section 7 of the Act, the severer who operates under contract or agreement to pay the owner direct the amount due such owner is required to deduct from the amount due the amount of the tax. The owner and severer therefore are bound for the tax under this article, but the severer also becomes the State’s agent for'the collection of the tax.
 

 Under Section 8 of the Act, the severer may be relieved from payment of the tax who is under contract or agreement to pay the owner direct in the case where he sells the product under contract or agreement with his vendee under the terms of which the vendee is required to pay the owner or owners direct. The purchaser is then, by agreement with his vendor substituted, and the purchaser becomes the agent of the State in the collection of the tax.
 

 Thus under Sections 7 and 8 of the Act, we have the owner and severer liable for the tax in all events, and the initial purchaser becomes liable as agent of the State.
 

 Then under Section 9 of the Act, it is provided in the first paragraph that “Every person, firm, corporation or association of purchasing oil, gas or any other natural resources severed from the soil or water, under contracts or agreements requiring such purchaser to make payment direct to the owners of such oil, gas or other natural resource, is hereby authorized, empowered and required to deduct from any amount due any owner of such natural resource the amount of the tax levied by the provisions of this Act before making such payments.” And paragraph 2 of the Section 9 makes “All persons, firms, corporations or associations of persons”, who are required to deduct the tax, responsible for its payment to the State. This is certainly plain and unambiguous language.
 

 By Section 9 of -the Act, the Legislature forged the final link in the scheme for the collection of severance taxes, and has brought squarely under the severance tax laws of the State all purchasers, whether initial or subsequent. Whenever an owner sells the severed product, the purchaser becomes the agent of the State for the collection of the tax.
 

 After the word “owners” in Section 9 of the Act, there are no such words “at the time of the severance.” Section 9 of the Act uses only the word “owners.”
 

 When appellee, J. W. Jeffries Lumber Company, bought from the logging contractors, it bought from the owners (see top of page, Transcript 55), and in every case it became appellee’s duty to deduct, report and pay the tax. Having bought, the transaction was a sale,' -an'"agreement and contract carrying the obligation to pay such owner.
 

 In order to ascertain whether the tax has been paid, and, if not, to collect it, Section 20 of the Act makes it the mandar tory duty of all purchasers and others deal
 
 *763
 
 ing in any natural product to file reports, etc., and makes the failure to do so a crime.
 

 In Section 1, paragraph 2 of the Act, an additional remedy is provided in the provision that unpaid severance taxes “shall operate as a first lien and privilege on such natural resources, which lien and privilege shall follow said natural resources into the hands of third persons whether in good or had faith, and whether the same be found in a manufactured or unmanufactured state.”
 

 This lien and privilege operates to protect the State only When natural resources may be identified. Realizing this fact, the Legislature provided in subsequent sections of the Act the fnethod to secure the State in its revenue, by making the purchaser the agent óf the State, and this the Legislature has done in clear and unambiguous language.
 

 Finally, the construction placed on the severance talx statute by the Lower Court sets at naught the judgment rendered by this court in the case of the State of Louisiana v. Standard Oil Company of Louisiana, 188 La. 978, 178 So. 601, 610, in which this court declared:
 

 “The law has imposed a mandatory and unconditional duty upon the purchaser of a natural resource to pay the severance tax on such resource so purchased, and we are of the opinion that the failure of such purchaser to deduct the amount paid from the purchase price thereof, as authorized and required by the acts, cannot be set up as a defense to the right of the State to collect the tax from the purchaser. We, therefore, conclude that the defense urged against the State’s right to collect the tax from the purchaser is without merit.”
 

 (2) The exception of no right or cause of action tendered by defendant is without merit, since the allegations in the petition of the State, if taken as true, discloses a complete cause of action.
 

 (3) In the case of Gulf Refining Company of Louisiana v. W. N. McFarland, Supervisor of Public Accounts, 154 La. 251, 97 So. 433; Id., 264 U.S. 573, 44 S.Ct. 402, 68 L.Ed. 856, it is held that the severance tax of this State is not a property tax but an excise tax upon the privilege of severing the natural resources of the State. The attack upon the tax in this case as a property tax in violation of Section 3 of Article 10 of the Constitution of 1921 is also without merit.
 

 As I am of opinion that the State is entitled to judgment against defendant, J. W. Jeffries Lumber Company, and the individual members of this partnership, as prayed for, I respectfully dissent from the majority opinion in this case.